■ JULIE G. MARKLEY, an Infant, by TERRY MARKLEY, Her Parent and Natural Guardian, et al., Plaintiffs, v ALBANY MEDICAL CENTER HOSPITAL et al., Defendants. (Action No. 1.) JULIE G. MARKLEY, an Infant, by TERRY MARKLEY, Her Parent and Natural Guardian, Respondent, v BRADLEY FORD et al., Doing Business as GUILDERLAND PEDIATRIC CENTER, et al., Appellants. (Action No. 2.)—Kane, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered September 19, 1989 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint and cross claims in action No. 2.

The claims herein have been joined for trial and are based on the alleged administration of an overdose to plaintiff Julie G. Markley, an infant, of the chemotherapeutic drug adriamycin. The infant, born July 11, 1980, was diagnosed as having a malignant tumor, the removal of which required surgery in April 1981 at defendant Albany Medical Center Hospital. Thereafter, a team of physicians treating the infant prescribed four chemotherapy treatments involving, *inter alia,* adriamycin. Some time during the course of treatment, the infant was referred for general pediatric care to defendants Bradley Ford and James Saperstone, pediatricians practicing as defendant Guilderland Pediatric Center (hereinafter collectively referred to as defendants). Defendants apparently examined the infant before her third chemotherapy treatment and served the function of admitting physicians to Albany Medical Center for her fourth scheduled treatment. During her stay as a patient in the pediatric ward, the infant was allegedly given the adriamycin overdose by a resident, defendant Michael Sonnekalb, pursuant to orders from the oncology department at Albany Medical Center.

Defendants moved for summary judgment dismissing the complaint and all cross claims against them, arguing that they took no part in, nor had any control over, the infant's chemotherapy or adriamycin treatment. Plaintiffs opposed the

motion, submitting the affidavit of an expert opining, *inter alia*, that defendants breached the standard of care "by allowing house officers to administer chemotherapy, particularly without knowing the dosage being administered". Supreme Court denied the motion and this appeal by defendants followed.

The order should be reversed and the motion granted. In our view, defendants owed plaintiffs no duty of care regarding the chemotherapy at issue here. The existence of a duty is a question of law to be determined by the court *(see, Eiseman v State of New York,* 70 NY2d 175, 187; *De Angelis v Lutheran Med. Center,* 58 NY2d 1053, 1055). Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied upon by the patient *(see, Murphy v Blum,* 160 AD2d 914, 915; *Kleinert v Begum,* 144 AD2d 645, 647-648). Defendants here have submitted uncontroverted evidence that the infant was referred to them for pediatric care outside the scope of her chemotherapy and that they took no part whatsoever in prescribing or administering the oncological treatment that allegedly involved the adriamycin overdose. In that they have shown that they owed no duty to plaintiffs regarding chemotherapy that they never prescribed or undertook to provide, defendants have demonstrated a threshold entitlement to summary judgment as a matter of law.

Plaintiffs claim that Supreme Court properly denied summary judgment as the expert affidavit they submitted creates triable issues of fact of whether defendants breached a duty to supervise the infant's chemotherapy. The papers submitted by defendants demonstrate, however, that a team of physicians from Albany Medical Center had already undertaken that role and prescribed and administered chemotherapy to the infant pursuant to a schedule that was indicated before the infant was ever referred to defendants. To show that defendants owed some duty to supervise the chemotherapy, plaintiffs were required to demonstrate either that defendants actually undertook that function as part of the infant's pediatric care or that they exercised some general authority or control over the actual chemotherapy treatments *(see, Kavanaugh v Nussbaum,* 71 NY2d 535, 546-549). Merely acting as the admitting physicians did not, in this instance, bestow upon defendants the duty to supervise the infant's chemotherapy *(see, Ford v Burns,* 132 AD2d 595, 596; *Graddy v New York Med. Coll.,* 19 AD2d 426). Nor did the purely conclusory affidavit of plaintiffs' expert suffice to establish any duty to supervise. Contrary

to the expert's conclusion, defendants' undertaking of the infant's general pediatric care did not create a further duty to supervise treatment of a specialized nature, where defendants neither assumed responsibility for such treatment nor exercised control over its prescription or administration *(see, Kleinert v Begum,* 144 AD2d 645, *supra).* Accordingly, defendants are entitled to summary judgment.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendants in action No. 2, and the complaint and all cross claims in said action are dismissed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.