■ ALICE B. TREINIS, as Executrix of ROGER D. TREINIS, Deceased, Appellant, v DEEPDALE GENERAL HOSPITAL, INC., et al., Defendants, and MERRILL KAUFMAN et al., Respondents. [611 NYS2d 266] —In a medical malpractice action to recover damages for personal injuries and wrongful death, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated June 22, 1992, as granted the motion by the respondent Merrill Kaufman and the respective cross motions by the respondents Mark J. Stern, Lionel Pierre Barrau, and Alan J. Schecter for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellant to the respondents appearing separately and filing separate briefs.

The appellant failed to raise a triable issue sufficient to defeat the respective motion and cross motions for summary judgment by the respondent physicians who treated the appellant's decedent post-operatively.

On June 25, 1986, the appellant's decedent, Roger D. Treinis (hereinafter the patient), was admitted to the hospital for surgical repair of a torn achilles tendon. He had elevated blood pressure but was cleared for surgery by the defendant surgeon Barry Fisher. Before the surgery, the defendant anesthetist Sung Kwang Lee administered general anesthesia. During the course of the operation, the patient was given various medications to control his blood pressure.

After the surgery, while the patient remained in the recovery room, his blood pressure remained elevated. The attending physician, the respondent Merrill Kaufman, directed that Nipride be administered to the patient. Since Nipride could only be administered while a patient was in the Intensive Care Unit, the patient was transferred to the Intensive Care Unit and Nipride was administered. However, no positive results were obtained and the patient's blood pressure remained abnormally elevated.

While in the Intensive Care Unit the patient was treated by various specialists, including the respondent physicians Mark J. Stern, a cardiologist, Alan Schecter, a pulmonary specialist, and Lionel Pierre Barrau, a renal specialist. On June 26, 1986, the patient died. According to the autopsy report, the cause of death was a rare tumor called pheochromocytoma which caused abnormally high blood pressure due to anxiety and surgical stimulation. The appellant contends that all the

physicians who treated the patient departed from accepted medical standards by failing to diagnose and treat the tumor and that their failure to do so was the proximate cause of the patient's death.

The respondent Kaufman moved and the other defendants, including the respondents Stern, Barrau, and Schecter, cross-moved for summary judgment. The submissions by each respondent included attorney's affirmations and the respondents' own affidavits, as physicians, setting forth the facts surrounding their contact with the patient and indicating that their conduct was not the proximate cause of the patient's death. In opposition, the appellant submitted expert affidavits by a physician which outlined the appropriate procedures for diagnosis of the pheochromocytoma by use of a drug called Phentolamine.

In reply, one of the respondents submitted an excerpt from the Physician's Desk Reference which stated that the use of Phentolamine should be limited to the preoperative phase and it should only be administered when all other sedatives are withdrawn.

The Supreme Court denied summary judgment as to the two defendants who treated the patient prior to the surgery and granted summary judgment as to the respondents who treated the patient during the post-operative phase, stating that their conduct was not the proximate cause of the patient's death. We affirm.

On this record, the respondents' submissions in support of their respective motion and cross motions constituted a prima facie showing warranting judgment as a matter of law, if not rebutted by· the appellant (see, Kleinert v Begum, 144 AD2d 645; Wertheimer v Paley, 137 AD2d 680, 681). The appellant's submission rebutted the prima facie showing of entitlement to summary judgment only as to those two physicians who had treated the patient prior to the operation and had failed to diagnose the pheochromocytoma prior to the surgery.

Accordingly, the order of the Supreme Court is affirmed insofar as appealed from. Thompson, J. P., Balletta, Pizzuto and Joy, JJ., concur.