■ · ROBERT DONNELLY, Appellant, v GERALD C. FINKEL et al., Respondents, et al., Defendants. [641 NYS2d 872] —In a medical malpractice action to recover damages, *inter alia,* for wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Werner, J.), dated October 12, 1993, which granted the separate motions of the defendants Francisco Pechera, Gerald C. Finkel, and Gerald C. Finkel, M.D., P. C., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

This medical malpractice action involves the alleged failure to diagnose ovarian cancer. The plaintiff's decedent underwent a hysterectomy as well as the removal of her left ovary performed by her gynecologists at the defendant St. Charles Hospital. During the course of the surgery, a cyst discovered on the right ovary was submitted to the pathology department of which the defendant Gerald Finkel was the Director. The cyst was examined by the defendant Francisco Pechera who reported that it was a benign cyst. Thereafter, the codefendant Arthur V. Plurad examined specimens from, *inter alia,* the plaintiff's decedent's left ovary and left ovarian cyst and concluded that there was no evidence of either a cancerous or pre-cancerous condition. Within ten months of the surgery, the plaintiff's decedent was diagnosed with Stage IV ovarian cancer; she died one month later.

The plaintiff alleges that had his wife been afforded proper surgical and hospital care, including a thorough and accurate pathologic diagnosis of her underlying condition during her initial hospitalization at St. Charles Hospital for the hysterectomy, she would not have suffered a premature death from ovarian cancer less than one year later. The defendant Pechera moved for summary judgment on the basis that his analysis of the specimen of the right ovary that was submitted to him, which was sufficient in both quality and quantity, was accurate and that, contrary to the plaintiff's claim, he was not required to request additional or different specimens of the surgeons. The defendants Gerald C. Finkel and Gerald C. Finkel, M.D., P. C. (hereinafter collectively Finkel) asserted that since he was never directly involved in the specimen analyses and could not be held vicariously liable for the· alleged negligence of Doctors Pechera and Plurad simply by virtue of his status as Director of the pathology department he and his professional corporation were entitled to summary judgment.

The Supreme Court granted the separate motions of the

defendants Pechera and Finkel concluding that under no theory could they be held liable for the decedent's illness and death. We agree.

Dr. Pechera established his entitlement to summary judgment through his own affidavit as well as the deposition testimony of the plaintiff's own expert; that he correctly diagnosed, as a "benign cyst lutein", the frozen section of a specimen from the right ovarian cyst submitted to him (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320). The plaintiff's submissions in opposition to the motion were inadequate inasmuch as the opinion of his medical expert, an obstetrician/gynecologist, was limited to the departures committed by the surgeons. Moreover, the expert's affidavit in no way established that it was incumbent upon the pathologist to independently request additional specimens of the left ovary from the surgical team for examination (*see, Kleinert v Begum,* 144 AD2d 645). Hence, the plaintiff failed to rebut the defendant's showing that he was not negligent, and summary judgment was properly granted to Dr. Pechera (*see, Gamiel v University Hosp.,* 216 AD2d 80; *Treinis v Deepdale Gen. Hosp.,* 204 AD2d 304; *Markley v Albany Med. Ctr. Hosp.,* 163 AD2d 639; *Fritz v Southside Hosp.,* 182 AD2d 671).

Moreover, summary judgment was properly granted to the defendant Finkel because the plaintiff failed to set forth sufficient evidence to create a factual issue regarding Dr. Finkel's possible vicarious liability for the alleged negligence of the codefendants, and there was no other evidence to show that Finkel was otherwise negligent in his own right (*see, Latiff v Wyckoff Hgts. Hosp.,* 144 AD2d 650; *Ellis v Brookdale Hosp. Med. Ctr.,* 122 AD2d 19; *cf., Roseman v Goldberg,* 181 AD2d 873; *Barker v Saltzman,* 124 AD2d 617). Balletta, J. P., Thompson, Santucci and Florio, JJ., concur.