■ JOHNNIE BOONE et al., Appellants, v NORTH SHORE UNIVERSITY HOSPITAL AT FOREST HILLS, Respondent, et al., Defendant. [784 NYS2d 151]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated May 13, 2003, as granted the motion of the defendants North Shore University Hospital at Forest Hills and Bhushan Khashu for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Bhushan Khashu, a urologist, performed an exploratory laparotomy on the decedent at the defendant North Shore University Hospital at Forest Hills (hereinafter North Shore) to confirm whether the decedent's renal tumor had spread to her liver. After Khashu performed the laparotomy and confirmed that the tumor spread to the right lobe of the decedent's liver, the defendant Dong Kim, a general surgeon and a private attending physician at North Shore, performed surgery to resect the decedent's tumor. During the surgery, at which Khashu was not present, one of the decedent's hepatic veins draining into her vena cava was accidentally torn, which resulted in massive bleeding and her eventual death.

"Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (*Wasserman v Staten Is. Radiological Assoc.*, 2 AD3d 713, 714 [2003] [internal quotation marks omitted]; *see Chulla v DiStefano*, 242 AD2d 657, 658 [1997]; *Markley v Albany Med. Ctr. Hosp.*, 163 AD2d 639, 640 [1990]). Here, Khashu established his entitlement to summary judgment by demonstrating through the affirmations of his medical experts that he did not depart from good and acceptable medical practice, and that his duty of care did not extend to the treatment rendered by Kim (*see Donnelly v Finkel*, 226 AD2d 671 [1996]; *Markley v Albany Med. Ctr. Hosp., supra*). Since the plaintiff failed to raise a triable issue of fact, summary judgment was properly granted to Khashu.

The Supreme Court also properly granted summary judgment to North Shore since North Shore established its prima facie entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact. Under the doctrine of respondeat superior, a hospital may be vicariously liable for the medical malpractice of physicians who act in an employment or agency capacity (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *Steiner v Brookdale Hosp. Med. Ctr.*, 241 AD2d 516, 517 [1997]; *Cirella v Central Gen. Hosp.*, 217 AD2d 680 [1995]; *Sledziewski v Cioffi*, 137 AD2d 186, 188 [1988]). Further, a hospital may be liable for failing to properly review an independent physician's qualifications before according him use of the hospital's facilities (*see Sledziewski v Cioffi, supra* at 189).

North Shore established that Kim was an independent treating physician who did not serve as its employee or agent. Further, North Shore established that it complied with the requisite statutory and administrative guidelines regarding the review of a physician's qualifications, and that there was never any reason to limit or revoke Kim's hospital privileges.

The plaintiff's remaining contention is without merit. H. Miller, J.P., Krausman, Cozier and Spolzino, JJ., concur.