■ HERBERT OELSCHLAGEL, Plaintiff, v UNITED PARCEL SERVICE et al., Defendants and Third-Party Plaintiffs-Appellants. BURTON L. SEKULER, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [804 NYS2d 765]—

In an action, inter alia, to recover damages for wrongful death, the third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 1, 2004, which granted the motion of the third-party defendant Burton L. Sekuler for summary judgment dismissing the third-party complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

"Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (*Boone v North Shore Univ. Hosp. at Forest Hills*, 12 AD3d 338, 339 [2004];*see Wasserman v Staten Is. Radiological Assoc.*, 2 AD3d 713, 714 [2003]). The third-party defendant Burton L. Sekuler submitted evidence sufficient to establish his entitle-

ment to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Kleinert v Begum,* 144 AD2d 645 [1988]). The single examination by Sekuler of the plaintiff's decedent did not render him responsible for her care subsequent to his consultation. In opposition, the third-party plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. S. Miller, J.P., Krausman, Rivera and Covello, JJ., concur.