■ ELAINE SHIELDS, Respondent, v MORTON KLEINER, Appellant. [940 NYS2d 134]—

In an action to recover damages for conscious pain and suffering and wrongful death, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated May 17, 2011, as granted that branch of the plaintiff's motion which was for leave to reargue her op-

position to that branch of his prior motion for summary judgment which was to dismiss the wrongful death cause of action, which had been granted in an order of the same court dated December 7, 2010, upon reargument, vacated the determination in that order granting the defendant's motion for summary judgment dismissing the complaint in its entirety, and thereupon denied that motion.

Ordered that the order dated May 17, 2011, is modified, on the law, by deleting the provision thereof, upon reargument, vacating the determination in the order dated December 7, 2010, granting the defendant's motion for summary judgment dismissing the complaint in its entirety, and thereupon, denying that motion and substituting therefor a provision, upon reargument, adhering to so much of the original determination in the order dated December 7, 2010, as granted that branch of the defendant's motion which was for summary judgment dismissing the wrongful death cause of action; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the defendant.

The decedent, Loretta Prybys, was treated by the defendant over the course of 10 years for her primary care. During that time, the defendant monitored the decedent's diabetes. At some point in 2005, the decedent began to look ill and lose weight. In December 2005, the decedent was diagnosed with colon cancer that had metastasized to her liver. She died three weeks later. In December 2007, the plaintiff commenced this action, asserting causes of action to recover damages for conscious pain and suffering and wrongful death, both arising out of the defendant's alleged negligence in failing to order certain diagnostic tests from which the decedent's condition could have been diagnosed at an earlier time.

The defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff moved for leave to reargue, inter alia, her opposition to that branch of the defendant's motion which was for summary judgment dismissing the wrongful death cause of action. The Supreme Court granted reargument and thereupon denied the defendant's original motion for summary judgment in its entirety. The defendant appeals.

The Supreme Court providently exercised its discretion in granting reargument to the plaintiff insofar as the court found that it had overlooked or misapprehended certain facts contained in the affirmation of the plaintiff's expert (*see McNeil v Dixon,*

9 AD3d 481, 482 [2004]). However, the plaintiff did not seek reargument of that branch of the defendant's original motion which was for summary judgment dismissing the conscious pain and suffering cause of action. Thus, only that branch of the defendant's motion which was for summary judgment dismissing the wrongful death cause of action was properly at issue upon reargument. Consequently, the Supreme Court should not have changed its determination on that branch of the defendant's motion which was for summary judgment dismissing the conscious pain and suffering cause of action.

Further, upon reargument, the Supreme Court should have adhered to so much of its original determination as granted that branch of the defendant's motion which was summary judgment dismissing the wrongful death cause of action. The defendant established prima facie that he did not depart from good and accepted medical practice. Referencing specific facts in the decedent's medical records, the defendant's expert opined that the defendant did not need to perform any diagnostic tests because the decedent exhibited no signs or symptoms of colon cancer, except for weight loss, which could be explained by other factors, including the decedent's other conditions (*see Stukas v Streiter*, 83 AD3d 18 [2011]; *Breland v Jamaica Hosp. Med. Ctr.*, 49 AD3d 789 [2008]; *DiMitri v Monsouri*, 302 AD2d 420 [2003]). The plaintiff's submission in opposition to the motion, including the conclusory affirmation of the plaintiff's expert, was insufficient to raise a triable issue of fact (*see Deutsch v Chaglassian*, 71 AD3d 718 [2010]; *Dunn v Khan*, 62 AD3d 828 [2009]; *DiMitri v Monsouri*, 302 AD2d at 421). Accordingly, the defendant was entitled to summary judgment dismissing the wrongful death cause of action. Balkin, J.P., Belen, Hall and Miller, JJ., concur.