■ VERA ZELDIN, Appellant, v W. ROY MICHAELIS, M.D., et al., Respondents. [963 NYS2d 650]—

Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 1, 2011, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered April 27, 2011, which granted defendants' motions and cross motion for summary judgment dismissing the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff alleges that the four defendant physicians failed to refer plaintiff's decedent to a cardiologist or for testing and/or to recognize that decedent had a tear in his aorta after a motor vehicle accident on June 20, 2004, which failures eventually led to an aortic dissection, causing his death on September 29, 2004.

Supreme Court properly found that all defendants met their burden on summary judgment. W. Roy Michaelis, Jr., M.D., the internist who treated decedent's hypertension until April 2004, established that he did not depart from accepted medical practice in continuing to prescribe antihypertensive medications for decedent, whose high blood pressure was resistant to treatment. Moreover, the alleged aortic tear, for which there was no record evidence, could only have existed after the motor vehicle accident, after decedent had ended his treatment with Dr. Michaelis (*see Burtman v Brown*, 97 AD3d 156 [1st Dept 2012]). As to Montefiore Medical Center, no evidence of malpractice has been submitted.

After his motor vehicle accident, when decedent presented to John Gelfand, D.O., decedent presented no signs or symptoms which would have led Dr. Gelfand to conclude that an aortic tear was present. The symptom of severe chest wall pain was absent. The temporary chest wall pain which decedent did report was easily attributable to another cause, namely, the motor vehicle accident (*see Rivera v Greenstein*, 79 AD3d 564, 568-569 [1st Dept 2010]; *Shields v Kleiner*, 93 AD3d 710 [2d Dept 2012]).

Dr. Gelfand referred decedent to Luba Karlin, M.D., for a neurological examination, and to Mohammed K. Nour, M.D., for an orthopedic examination. The orthopedic examination was conducted by Dr. Nour's physician's assistant, Ahmed Jawad. Neither Dr. Karlin nor Dr. Nour had a duty to decedent to refer

him to a cardiologist, since their duty was " 'limited to those medical functions undertaken by the physician and relied upon by the patient' " (*Burtman*, 97 AD3d at 161-162; *Chulla v DiStefano*, 242 AD2d 657, 658 [2d Dept 1997], *lv dismissed* 91 NY2d 921 [1998]). Concur—Tom, J.P., Acosta, Román, Feinman and Clark, JJ.