In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated August 2, 2012, which granted the motion of the defendants John Birk, Joseph Anderson, and Stony Brook Internists, and the separate motion of the defendant Nancy Oswold, for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants John Birk, Joseph Anderson, and Stony Brook Internists for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff, payable by the defendants John Birk, Joseph Anderson, and Stony Brook Internists, and one bill of costs to the defendant Nancy Oswold, payable by the plaintiff.
Contrary to the plaintiffs contention, the motion of the defendants John Birk, Joseph Anderson, and Stony Brook Internists (hereinafter collectively the Stony Brook defendants), and the separate motion of the defendant Nancy Oswold, for summary judgment dismissing the complaint insofar as asserted against each of them, were timely (see CPLR 2211; Cruz v New York City Hous. Auth., 62 AD3d 643 [2009]).
The Supreme Court properly granted Oswold’s motion for summary judgment dismissing the complaint insofar as asserted against her. Oswold established, prima facie, that she did not depart from good and accepted practice during her limited interaction with the plaintiff (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
However, the Supreme Court should have denied the Stony Brook defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, the Stony Brook defendants submitted an expert affirmation establishing, prima facie, that they did not depart from accepted medical practice, and that, in any event, any departure was not a proximate cause of the plaintiffs alleged injuries (see Mitchell v Grace Plaza of Great Neck, Inc., 115 *980 AD3d 819 [2014]; Williams v Bayley Seton Hosp., 112 AD3d 917, 918 [2013]).
In opposition, however, the plaintiff submitted, inter alia, her own expert’s affirmation, which raised triable issues of fact as to whether the Stony Brook defendants departed from accepted medical practice and whether such departure was a proximate cause of her alleged injuries (see Stukas v Streiter, 83 AD3d 18, 24-25 [2011]). Contrary to the Stony Brook defendants’ contention, the affirmation of the plaintiffs expert was not deficient by reason of the redaction of the expert’s name, since “[t]he unredacted original was offered to the court for ... in camera inspection, as is required” (Cerny v Williams, 32 AD3d 881, 886 [2006]; see Marano v Mercy Hosp., 241 AD2d 48, 50 [1998]; Carrasquilla v Rosencrans, 208 AD2d 488 [1994]; McCarty v Community Hosp. of Glen Cove, 203 AD2d 432 [1994]).
In light of our determination, we need not reach the parties’ remaining contentions.
Dillon, J.E, Balkin, Miller and Maltese, JJ., concur.