■ SARAH TRAURING, as Mother and Natural Guardian of JUDAH TRAURING, Appellant, v JAY GENDAL et al., Respondents, et al., Defendants. [995 NYS2d 181]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered October 5, 2012, which granted the motion of the defendants Jay Gendal and Gendal Kusnitz OBS-GYN, M.D., P.C., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Jay Gendal and Gendal Kusnitz OBS-GYN, M.D., P.C., for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff, as the mother and natural guardian of Judah Trauring (hereinafter the infant), commenced this action to recover damages for medical malpractice. The plaintiff alleged, among other things, that the defendants Jay Gendal and Gendal Kusnitz OBS-GYN, M.D., P.C. (hereinafter together the Gendal defendants), departed from accepted medical practice in connection with their prenatal care, and during her labor and delivery, of the infant and his twin brother. The Gendal defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion. We reverse.

In a medical malpractice action, the requisite elements of proof are "a deviation or departure from accepted practice and evidence that such departure was a proximate cause of injury or damage" (*Hamilton v Good Samaritan Hosp. of Suffern, N.Y.*, 73 AD3d 697, 698 [2010]; *see Olgun v Cipolla*, 82 AD3d 1186, 1187 [2011]; *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]). When moving for summary judgment, "a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Rebozo v Wilen*, 41 AD3d at 458; *see Olgun v Cipolla*, 82 AD3d at 1187). "[A] plaintiff opposing a defendant physician's motion for summary judgment must only submit evidentiary facts or materials to rebut the defendant's prima facie showing" (*Stukas v Streiter*, 83 AD3d 18, 30 [2011]).

Here, contrary to the Gendal defendants' contention, their duty of care extended to the departures alleged by the plaintiff (*see Olgun v Cipolla*, 82 AD3d at 1187; *cf. Chin v Long Is. Coll. Hosp.*, 119 AD3d 833, 834 [2014]).

The Gendal defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law by submitting an expert affirmation which demonstrated that they did not depart from good and accepted medical practice as alleged in the complaint (*see Olgun v Cipolla*, 82 AD3d at 1187). In opposition, however, the affirmation of the plaintiff's expert raised triable issues of fact as to whether the Gendal defendants deviated from accepted medical practice (*see Stukas v Streiter*, 83 AD3d at 30). Furthermore, contrary to the Supreme Court's conclusion, the Gendal defendants' submissions failed to establish, prima facie, that the infant's injuries were not proximately caused by the alleged departures (*see Petrik v Pilat*, 119 AD3d 760, 761 [2014]; *Kelly v Fenton*, 116 AD3d 923, 924 [2014]). Accordingly, the Supreme Court should have denied the Gendal defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.