■ BARBARA BURNS, Individually and as Executrix of THOMAS J. BURNS, Deceased, Respondent, v SUDHIR GOYAL et al., Defendants, and RAKESH B. PATEL et al., Appellants. [44 NYS3d 180]——

In an action to recover damages for wrongful death and medical malpractice, the defendants Rakesh B. Patel and Suffolk Heart Group, LLP, appeal, and the defendants Michael Torelli and South Shore Family Practice Assoc., P.C., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated July 23, 2014, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the separate motions of the defendants Rakesh B. Patel and Suffolk Heart Group, LLP, and the defendants Michael Torelli and South Shore Family Practice Assoc., P.C., for summary judgment dismissing the complaint insofar as asserted against each of them are granted.

The defendant Michael Torelli testified at his deposition that he and his practice, the defendant South Shore Family Practice Assoc., P.C. (hereinafter South Shore), began treating the decedent, Thomas Burns, as his primary care physicians, in 1999. The defendant Rakesh B. Patel testified that he first treated the decedent for a heart attack in 2003. Patel resuscitated the decedent, and later found that the decedent suffered an anterior wall myocardial infarction. Patel placed a stent in the decedent's left anterior descending artery, which had been

100% blocked. Patel prescribed Plavix, a blood thinner. In 2005, Patel placed additional stents in the decedent's coronary arteries.

Torelli examined the decedent on April 8, 2008, in order to clear him for hernia surgery, but the decedent's lab results showed acute kidney failure. Torelli referred the decedent to the defendant Sudhir Goyal, a kidney specialist. Goyal informed the decedent that he needed to do a kidney biopsy. He testified at his deposition that the decedent had to stop taking Plavix so that he could perform the biopsy. Goyal spoke to one of Patel's associates, who told him: "Patel notes that Plavix/aspirin can be held for 10 to 12 days." The decedent's wife, the plaintiff, Barbara Burns, testified at her deposition that the decedent stopped taking all of his medications at least three days prior to the biopsy, on June 3, 2008. The biopsy was canceled. On June 7, 2008, the day after the kidney biopsy was supposed to have been performed, the decedent died of cardiac arrest. This action ensued.

Torelli and South Shore (hereinafter together the Torelli defendants) moved for summary judgment dismissing the complaint insofar as asserted against them, submitting in support the affirmation of an expert internist, who stated that they had no duty to the decedent regarding the decedent's Plavix prescription, because that was handled by the decedent's cardiac specialists. Patel and Suffolk Heart Group, LLP (hereinafter together the Patel defendants), separately moved for summary judgment dismissing the complaint insofar as asserted against them, submitting in support the affirmation of an expert cardiologist, who stated that the standard of care did not require the decedent to remain on Plavix for more than one year after the placement of his most recent stents, and that the prescription could be stopped for a few days without issue. The expert also stated that there was no evidence that the discontinuance of Plavix was the proximate cause of the decedent's death.

In opposition, the plaintiff submitted the affirmation of an expert cardiologist, who stated that both Torelli and Patel failed to adhere to accepted practices by failing to ensure that the decedent resumed his Plavix prescription after his kidney biopsy was canceled, and that this was the proximate cause of the decedent's death.

In an order dated July 23, 2014, the Supreme Court denied the separate motions of the Torelli defendants and the Patel defendants. The Torelli defendants and the Patel defendants separately appeal.

"In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries. On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Leavy v Merriam*, 133 AD3d 636, 637 [2015]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Novick v South Nassau Communities Hosp.*, 136 AD3d 999 [2016]). "Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause" (*Lyons v McCauley*, 252 AD2d 516, 517 [1998], citing *Koehler v Schwartz*, 48 NY2d 807 [1979]).

Contrary to the finding of the Supreme Court, the Torelli defendants established, prima facie, that they had no duty to the decedent regarding his Plavix prescription. "Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient" (*Chulla v DiStefano*, 242 AD2d 657, 658 [1997]; *see Markley v Albany Med. Ctr. Hosp.*, 163 AD2d 639, 640 [1990]). Moreover, the question of whether a physician owes a duty to the plaintiff is a question for the court, and is "not an appropriate subject for expert opinion" (*Burtman v Brown*, 97 AD3d 156, 161 [2012]). Here, the Torelli defendants submitted evidence that they played no role in treating the decedent for his heart issues. It was Patel who treated the decedent for his 2003 heart attack and who prescribed Plavix to the decedent. Moreover, Goyal, the kidney specialist, testified that he told the decedent to check with his cardiologist—not with his primary care physician—about being cleared for the kidney biopsy. Goyal also spoke to Patel's associate at Suffolk Heart Group, LLP, about stopping the Plavix prior to the biopsy.

In opposition, the plaintiff submitted no evidence to demonstrate that the Torelli defendants had assumed the duty to care for the decedent's heart issues. Therefore, the Supreme Court should have granted the Torelli defendants' motion for summary judgment dismissing the complaint insofar as asserted against them (*see Burtman v Brown*, 97 AD3d 156 [2012]; *Wasserman v Staten Is. Radiological Assoc.*, 2 AD3d 713 [2003]).

The Patel defendants established, prima facie, that they adhered to accepted practices in their treatment of the decedent. Their expert cardiologist stated that the accepted

standard of care was to keep patients on Plavix for one year following the placement of stents. Thus, because the decedent's most recent stents had been placed three years before his scheduled kidney biopsy, he did not need to be on Plavix at the time of the incident. Notably, the expert also stated that "Plavix and aspirin retain approximately 70% of their effects three days after discontinuance."

The affirmation of the plaintiff's expert cardiologist, submitted in opposition, was conclusory. He stated that the standard of care required Patel to keep the decedent on Plavix indefinitely, based upon Patel's decision to keep the decedent on Plavix. That expert, however, failed to articulate what it was about the decedent's particular case that required him to remain on Plavix three years after his stents were placed. He further failed to articulate why a four-day interruption in the Plavix prescription would have been a danger to the decedent. In particular, he failed to respond to the statement of the Patel defendants' expert, that "Plavix and aspirin retain approximately 70% of their effects three days after discontinuance." Thus, the plaintiff failed to raise a triable issue of fact as to whether the Patel defendants departed from to the accepted standard of care.

Therefore, the Supreme Court should have granted the Patel defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.