JAYE DONNELLY, Appellant, v SURAKANT PARIKH, M.D., et al., Defendants, and LONG ISLAND MEDICAL IMAGING, P.C., et al., Respondents. [55 NYS3d 274]—

Appeal from an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated August 19, 2014. The order, insofar as appealed from, granted the motion of the defendants John A. Saugy and Suffolk Orthopaedic Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against them and the separate motion of the defendants Albert Zilkha, Long Island Medical Imaging, P.C., and Long Island Magnetic Resonance Imaging, P.C., for summary judgment dismissing the complaint insofar as asserted against the defendant Albert Zilkha and so much of the complaint as alleged that the defendants Long Island Medical Imaging, P.C., and Long Island Magnetic Resonance Imaging, P.C., were vicariously liable for the acts or omissions of the defendant Albert Zilkha.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this action to recover damages for medical malpractice and lack of informed consent against, among others, the defendants Albert Zilkha and Joel D. Reiter, who were radiologists employed by the defendants Long Island Medical Imaging, P.C. (hereinafter Long Island Medical), and Long Island Magnetic Resonance Imaging, P.C. (hereinafter Long Island MRI), and the defendant John A. Saugy, an orthopedic surgeon employed by the defendant Suffolk Orthopaedic Associates, P.C. (hereinafter together the Saugy defendants). The plaintiff alleged, inter alia, that Zilkha negligently failed "to timely identify a malignant process in the left lung of the plaintiff evidenced by [an MRI] performed on or about August 7, 2007," and negligently failed "to note the presence of a mass in the left lung." Moreover, the plaintiff alleged that Saugy departed from accepted medical practice in, among other things, misinterpreting X rays of her shoulder, "failing to document any pathology in the lung," "failing to diagnose lung cancer," and "negligently diagnosing shoulder impingement syndrome" and "rotator cuff pain."

In the order appealed from, the Supreme Court, inter alia, granted the Saugy defendants' motion for summary judgment *dismissing* the complaint insofar as asserted against them. In addition, the court granted the separate motion of Zilkha, Long Island Medical, and Long Island MRI for summary judgment dismissing the complaint insofar as asserted against Zilkha and so much of the complaint as alleged that Long Island Medical and Long Island MRI were vicariously liable for Zilkha's acts or omissions. We affirm the order insofar as appealed from.

"Medical malpractice actions require proof that the defendant physician deviated or departed from the accepted community standards of practice, and that such deviation was a proximate cause of the plaintiff's injuries" (*Bongiovanni v Cavagnuolo*, 138 AD3d 12, 16 [2016]; *see Trauring v Gendal*, 121 AD3d 1097, 1097 [2014]). "When moving for summary judgment, 'a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby' " (*Trauring v Gendal*, 121 AD3d at 1097, quoting *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]; *see Meade v Yland*, 140 AD3d 931, 932-933 [2016]). " 'Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, . . . but only as to the elements on which the defendant met the prima facie burden' " (*Leigh v Kyle*, 143 AD3d 779, 781 [2016], quoting *Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]; *see Stukas v Streiter*, 83 AD3d 18, 24 [2011]).

" 'Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient' " (*Meade v Yland*, 140 AD3d at 933, quoting *Chulla v DiStefano*, 242 AD2d 657, 658 [1997]; *see Burns v Goyal*, 145 AD3d 952, 954 [2016]). "[T]he question of whether a physician owes a duty to the plaintiff is a question for the court, and is 'not an appropriate subject for expert opinion' " (*Burns v Goyal*, 145 AD3d at 954, quoting *Burtman v Brown*, 97 AD3d 156, 161 [2012]).

Here, the Saugy defendants submitted, inter alia, a detailed affirmation of an expert orthopedic surgeon, who opined that Saugy properly diagnosed the plaintiff with left rotator cuff disorder, and that the plaintiff's symptoms, a physical examination, and positive findings on X rays and an MRI of the left shoulder were consistent with Saugy's impression of shoulder impingement syndrome. In addition, the expert opined, among other things, that Saugy, as an orthopedist, appropriately obtained X rays of the plaintiff's left shoulder that "were optimized for the bone" and did not "show any evidence whatsoever of a lung tumor." Accordingly, the Saugy defendants made a prima facie showing that Saugy did not deviate from the accepted standard of care in the field of orthopedic surgery in his evaluation and treatment of the plaintiff's shoulder (*see Leigh v Kyle*, 143 AD3d at 782; *Shields v Kleiner*, 93 AD3d 710, 712 [2012]). Moreover, the Saugy defendants established, prima facie, that Saugy's duty of care as an orthopedic surgeon did

not extend to the alleged departures in failing to discover the plaintiff's lung cancer. Their submissions demonstrated, inter alia, that the plaintiff remained under the care of her primary care physician, who had referred the plaintiff to Saugy after diagnosing a rotator cuff tear, and that Saugy's role was limited to evaluating and treating her orthopedic issues (*see Chin v Long Is. Coll. Hosp.*, 119 AD3d 833, 834 [2014]; *Zeldin v Michaelis*, 105 AD3d 641, 641-642 [2013]; *Dombroski v Samaritan Hosp.*, 47 AD3d 80, 86 [2007]; *Yasin v Manhattan Eye, Ear & Throat Hosp.*, 254 AD2d 281, 282 [1998]).

In opposition to the Saugy defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether Saugy deviated from the standard of care in the field of orthopedic surgery in his treatment of the plaintiff, or whether Saugy assumed a duty of care beyond the evaluation and treatment of the plaintiff's orthopedic issues. Contrary to the Saugy defendants' contention, the affirmation of the plaintiff's expert radiologist was not deficient by reason of the redaction of the expert's name, since the unredacted original was offered to the Supreme Court for in camera inspection, as is required (*see Turi v Birk*, 118 AD3d 979, 980 [2014]; *Cerny v Williams*, 32 AD3d 881, 886 [2006]). However, where, as here, " 'a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered' " (*Shashi v South Nassau Communities Hosp.*, 104 AD3d 838, 839 [2013], quoting *Bey v Neuman*, 100 AD3d 581, 582 [2012]; *see Bongiovanni v Cavagnuolo*, 138 AD3d at 18; *Bjorke v Rubenstein*, 53 AD3d 519, 520 [2008]). The plaintiff's expert, a board-certified radiologist, did not indicate any familiarity with the standards of orthopedic care. Moreover, the expert's opinion that Saugy assumed a duty to discover the plaintiff's lung cancer was a bare legal conclusion that is unsupported by the record and insufficient to raise a triable issue of fact (*see Burns v Goyal*, 145 AD3d at 954; *Leigh v Kyle*, 143 AD3d at 783; *cf. Olgun v Cipolla*, 82 AD3d 1186, 1187 [2011]).

Accordingly, the Supreme Court properly granted the Saugy defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

Contrary to the contention of Zilkha, Long Island Medical, and Long Island MRI (hereinafter collectively the Zilkha defendants), they failed to demonstrate that Zilkha, as a radiologist, did not owe a duty to the plaintiff to discover and note the mass allegedly visible on the MRI films interpreted by him (*cf. Meade v Yland*, 140 AD3d at 933; *Covert v Walker*, 82 AD3d 825, 826 [2011]; *Dockery v Sprecher*, 68 AD3d 1043, 1045-1046

[2009]). However, the Zilkha defendants' submissions, which included Zilkha's deposition testimony, established, prima facie, that Zilkha's interpretation of the MRI did not depart from the radiologic standard of care (*see DeGiorgio v Racanelli*, 136 AD3d 734, 737 [2016]; *Garbowski v Hudson Val. Hosp. Ctr.*, 85 AD3d 724, 726 [2011]). The submissions demonstrated, among other things, that the plaintiff's tumor would present on an MRI "as a mass in the apex of the lung," and that none of the MRI films interpreted by Zilkha on August 7, 2007, showed the apex of the lung (*see Lyons v DeNise*, 118 AD3d 554, 554 [2014]).

In opposition to the Zilkha defendants' prima facie showing with respect to the element of departure, the plaintiff failed to raise a triable issue of fact as to whether the MRI films interpreted by Zilkha showed the apex of the plaintiff's left lung, where the tumor was located. While her expert's board certification in the field of radiology was sufficient to demonstrate the expert's specialized skills (*see Bongiovanni v Cavagnuolo*, 138 AD3d at 18; *Bell v Ellis Hosp.*, 50 AD3d 1240, 1242 [2008]), the plaintiff's expert failed to address the evidence that the plaintiff's tumor presented on an MRI taken in October 2008 as a mass in the left lung apex, that none of the MRI films interpreted by Zilkha in August 2007 showed the apex of the lung, and that "the lateral, upper part of the lung" seen on some of the August 2007 MRI images was "not the apex of the lung." Under the circumstances, the opinion of the plaintiff's expert radiologist that the plaintiff's tumor was visible on the MRI films taken in August 2007 as "a left lung mass . . . in the lateral left upper lobe adjacent to the chest wall" was conclusory and failed to raise a triable issue of fact as to whether Zilkha departed from accepted medical practice (*see Lyons v DeNise*, 118 AD3d at 554; *Rivers v Birnbaum*, 102 AD3d 26, 44 [2012]).

Thus, the Supreme Court properly granted the Zilkha defendants' motion for summary judgment dismissing the complaint insofar as asserted against Zilkha and so much of the complaint as alleged that Long Island Medical and Long Island MRI were vicariously liable for Zilkha's acts or omissions. Dillon, J.P., Roman, Cohen and Miller, JJ., concur. ▮