McAlwee v Westchester Health Assoc., PLLC (2018 NY Slip Op 05031)





McAlwee v Westchester Health Assoc., PLLC


2018 NY Slip Op 05031


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-09841
 (Index No. 52047/15)

[*1]Mary. McAlwee, respondent, 
v
Westchester Health Associates, PLLC, et al., defendants, William B. Dieck, etc., appellant.


Benvenuto & Slattery (Rubin Sheeley Paterniti Gonzalez Kaufman, LLP, New York, NY [James W. Tuffin], of counsel), for appellant.
Richard S. Scanlan, White Plains, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant William B. Dieck appeals from an order of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated June 29, 2017. The order denied the motion of the defendant William B. Dieck for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant William B. Dieck for summary judgment dismissing the complaint insofar as asserted against him is granted.
This is an action sounding primarily in medical malpractice and lack of informed consent. The plaintiff alleged that the defendant Anne S. Negrin, a board-certified ophthalmologist, formerly employed by the defendant Westchester Health Associates, PLLC (hereinafter Health Associates), negligently performed two eye surgeries on the plaintiff's right eye, causing her to sustain significant vision loss. The plaintiff alleged that the defendant William B. Dieck, a more senior ophthalmologist who was a member of Health Associates and shared an office with Negrin, negligently supervised Negrin and departed from good and accepted medical practice by failing to assist her with the plaintiff's eye surgeries.
After some discovery, the plaintiff moved, inter alia, to compel Health Associates to produce Dieck's employment contract with Health Associates. Both Health Associates and Dieck opposed that branch of the plaintiff's motion, arguing, inter alia, that the employment contract was not relevant because Dieck never treated the plaintiff and, since Negrin was a board-certified ophthalmologist, he did not have a legal duty to supervise her. They also asserted that the record was devoid of evidence indicating that Dieck acted as Negrin's supervisor. In an order dated September 20, 2016, the Supreme Court denied that branch of the plaintiff's motion which was to compel Health Associates to produce Dieck's contract of employment with Health Associates. The plaintiff appealed from that order, and for the reasons set forth in our decision and order on the companion appeal, we have affirmed the order insofar as appealed from (see McAlwee v Westchester Health Associates, PLLC, _____ AD3d _____ [Appellate Division Docket No. 2016-11661; decided herewith]).
Dieck moved for summary judgment dismissing the complaint insofar as asserted against him, arguing that he did not participate in any of the allegedly negligent treatment and he did not have a duty to supervise Negrin in her treatment of the plaintiff. In opposition, the plaintiff presented an affirmation of an expert ophthalmologist who asserted that Dieck had a duty to supervise Negrin and that he breached that duty by failing to confirm that Negrin's surgical recommendations to the plaintiff were appropriate and failing to follow up with the plaintiff's status after the surgeries. The Supreme Court denied Dieck's motion, concluding that the plaintiff raised a triable issue of fact. Dieck appeals.
"In order to establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries. On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Leavy v Merriam, 133 AD3d 636, 637; see Keun Young Kim v Lenox Hill Hosp., 156 AD3d 774, 775; In Sook Choi v Doshi Diagnostic Imaging Servs., P.C., 152 AD3d 750, 751; Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d 495, 497; Stukas v Streiter, 83 AD3d 18, 22-23). "Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause" (Burns v Goyal, 145 AD3d 952, 954; see Stukas v Streiter, 83 AD3d at 27; Shectman v Wilson, 68 AD3d 848, 849; Lyons v McCauley, 252 AD2d 516, 517). However, "in order to reach any discussions about deviation from accepted medical practice, it is necessary first to establish the existence of a duty" (Burtman v Brown, 97 AD3d 156, 161). The question of duty is a legal one for the courts to resolve, and is generally not an appropriate subject for expert opinion (see McNulty v City of New York, 100 NY2d 227, 232; Donnelly v Parikh, 150 AD3d 820, 822; Burns v Goyal, 145 AD3 at 954; Sawh v Schoen, 215 AD2d 291, 292).
Here, Dieck established his prima facie entitlement to judgment as a matter of law by presenting evidence establishing that he did not owe a duty of care to the plaintiff based on the treatment she received at Health Associates. Dieck submitted evidence, including the plaintiff's medical chart from Health Associates and the deposition testimony of the plaintiff and Negrin, which established that Dieck played no role in the plaintiff's treatment and that he did not have a duty to supervise Negrin in her treatment of the plaintiff (see Burns v Goyal, 145 AD3d at 954; Latiff v Wyckoff Hgts. Hosp., 144 AD2d 650, 651; Gedon v Bry-Lin Hosps., 286 AD2d 892, 893; Sawh v Schoen, 215 AD2d at 293).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff presented Negrin's employment contract, which confirmed that Negrin was not subject to any supervision in her treatment of patients at Health Associates. While the plaintiff presented the affirmation of an expert in ophthalmology who opined that Dieck had a duty to supervise Negrin, since the question of whether a physician owes a duty to the plaintiff is "not an appropriate subject for expert opinion," the Supreme Court erred in finding that the affirmation raised a triable issue of fact (Burtman v Brown, 97 AD3d at 161). Accordingly, the plaintiff failed to submit any evidence demonstrating that Dieck assumed a duty of care to the plaintiff or undertook a duty to supervise Negrin in her treatment of the plaintiff (see Donnelly v Parikh, 150 AD3d at 823; Burns v Goyal, 145 AD3d at 954; Burtman v Brown, 97 AD3d at 161; Gedon v Bry-Lin Hosps., 286 AD2d at 893; Donnelly v Finkel, 226 AD2d 671, 672; Sawh v Schoen, 215 AD2d at 293; Latiff v Wyckoff Hgts. Hosp., 144 AD2d at 651).
Dieck also established his prima facie entitlement to judgment as a matter of law on the issue of his vicarious liability for Negrin's alleged medical malpractice. " [I]n the absence of some recognized traditional legal relationship such as partnership, master and servant, or agency, between physicians in the treatment of patients, the imposition of liability on one for the negligence of the other has been largely limited to situations of joint action in diagnosis or treatment or some control of the course of treatment of one by the other'" (Kavanaugh v Nussbaum, 71 NY2d 535, 547, quoting Graddy v New York Med. Coll., 19 AD2d 426, 429; see Connell v Hayden, 83 AD2d 30, 58-59). Here, Dieck established that he neither participated in any aspect of the plaintiff's treatment at Health Associates nor had any authority or control over the actual treatment provided (see [*2]Kavanaugh v Nussbaum, 71 NY2d at 548; Donnelly v Finkel, 226 AD2d at 672; Concha v Local 1115 Empls. Union Welfare Trust Fund, 216 AD2d 348, 351; Connell v Hayden, 83 AD2d at 59). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Therefore, the Supreme Court should have granted Dieck's motion for summary judgment dismissing the complaint insofar as asserted against him.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court