Dixon v Chang (2018 NY Slip Op 05019)





Dixon v Chang


2018 NY Slip Op 05019


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-06882
 (Index No. 104442/07)

[*1]Eleanor Dixon, etc., et al., appellants-respondents,
v
Edwin M. Chang, etc., et al., respondents, Paul Kelleher, etc., respondent-appellant, et al., defendant.


Law Offices of Joseph M. Lichtenstein, P.C., Mineola, NY (Theodore McKinley Thornton of counsel), for appellants-respondents.
Vaslas Lepowsky Hauss & Danke LLP, Staten Island, NY (Paul J. Danke Jr., and Neil F. Schreffler of counsel), for respondent-appellant and respondent Luigi J. Parisi.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal, and the defendant Paul Kelleher cross-appeals, from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated March 9, 2015. The order, insofar as appealed from, granted that branch of the motion of the defendants Luigi J. Parisi and Paul Kelleher which was for summary judgment dismissing the complaint insofar as asserted against the defendant Luigi J. Parisi. The order, insofar as cross-appealed from, denied that branch of the same motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Paul Kelleher.
ORDERED that the order is affirmed insofar as appealed from, and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the motion of the defendants Luigi J. Parisi and Paul Kelleher which was for summary judgment dismissing the complaint insofar as asserted against the defendant Paul Kelleher is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants Luigi J. Parisi and Paul Kelleher.
Diana Dixon (hereinafter the decedent) commenced this action, inter alia, to recover damages for medical malpractice, alleging that the defendants failed to timely diagnose and treat her for multiple sclerosis (hereinafter MS). Following the completion of discovery, the defendants Paul Kelleher, a physiatrist, and Luigi J. Parisi, an internist, moved for summary judgment dismissing the complaint insofar as asserted against each of them. The decedent opposed the motion. The Supreme Court granted that branch of Parisi's and Kelleher's motion which was for summary judgment dismissing the complaint insofar as asserted against Parisi. The decedent filed a notice of appeal and [*2]Kelleher filed a notice of cross appeal. By decision and order on motion dated August 1, 2017, this Court granted the motion of the plaintiffs, who are the co-administrators of the decedent's estate, to be substituted as the plaintiff, and to amend the caption accordingly.
"Medical malpractice actions require proof that the defendant physician deviated or departed from the accepted community standards of practice, and that such deviation was a proximate cause of the plaintiff's injuries" (Bongiovanni v Cavagnuolo, 138 AD3d 12, 16; see Trauring v Gendal, 121 AD3d 1097, 1097). "When moving for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby'" (Trauring v Gendal, 121 AD3d at 1097, quoting Rebozo v Wilen, 41 AD3d 457, 458; see Meade v Yland, 140 AD3d 931, 932-933). " Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, . . . but only as to the elements on which the defendant met the prima facie burden'" (Leigh v Kyle, 143 AD3d 779, 781, quoting Gillespie v New York Hosp. Queens, 96 AD3d 901, 902; see Stukas v Streiter, 83 AD3d 18, 24).
" Although physicians owe a general duty of care to their patients, that duty may be limited to those medical functions undertaken by the physician and relied on by the patient'" (Donnelly v Parikh, 150 AD3d 820, 822, quoting Meade v Yland, 140 AD3d at 933 [internal quotation marks omitted]; see Burns v Goyal, 145 AD3d 952, 954). Here, that branch of Parisi's and Kelleher's motion which was for summary judgment dismissing the complaint insofar as asserted against Parisi was properly granted. Parisi established his prima facie entitlement to judgment as a matter of law through a detailed affirmation of an expert in internal medicine, who opined that Parisi appropriately diagnosed and treated the decedent for the internal medical issues with which she presented. Moreover, Parisi established, through the decedent's medical records and various deposition transcripts, that his duty of care as an internist did not extend to the alleged departures in failing to timely diagnose or treat the decedent's MS. Indeed, by the time Parisi started treating the decedent, she was already under the care of a board-certified neurosurgeon, and Parisi's role was limited to evaluating and treating the decedent's internal medical issues (see Donnelly v Parikh, 150 AD3d at 823; Burns v Goyal, 145 AD3d at 954; Meade v Yland, 140 AD3d at 933; Chin v Long Is. Coll. Hosp., 119 AD3d 833, 834; Zeldin v Michaelis, 105 AD3d 641, 641-642; Boone v North Shore Univ. Hosp. at Forest Hills, 12 AD3d 338, 339). In opposition to Parisi's prima facie showing of entitlement to judgment as a matter of law, the decedent failed to raise a triable issue of fact (see Burns v Goyal, 145 AD3d at 954; Boone v North Shore Univ. Hosp. at Forest Hills, 12 AD3d at 339).
However, the Supreme Court also should have granted that branch of Parisi's and Kelleher's motion which was for summary judgment dismissing the complaint insofar as asserted against Kelleher. Kelleher established his prima facie entitlement to judgment as a matter of law through the affirmation of an expert in physical medicine and rehabilitation, the decedent's medical records, and the transcripts of deposition testimony. Kelleher established, prima facie, that he did not depart from the applicable standard of care and that, in any event, the alleged departures were not a proximate cause of the alleged injuries (see Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068; Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d 495, 497; Leto v Feld, 131 AD3d 590, 591; Matos v Khan, 119 AD3d 909, 910). In opposition, the decedent's submissions, including the expert affirmations, failed to raise a triable issue of fact as to whether any alleged departure from the applicable standard of care was a proximate cause of the alleged injuries (see Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d 1127, 1128-1129; Brinkley v Nassau Health Care Corp., 120 AD3d 1287, 1290; Mitchell v Grace Plaza of Great Neck, Inc., 115 AD3d 819, 820; Shister v City of New York, 63 AD3d 1032, 1035).
LEVENTHAL, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court