Perez v Riverdale Family Med. Practice, P.C. (2019 NY Slip Op 08514)





Perez v Riverdale Family Med. Practice, P.C.


2019 NY Slip Op 08514


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10431A 10431

[*1] Meghan Ann Perez, as Administratrix of the Estate of Prudence Wehmeyer, Deceased, and Meghan Ann Perez, Individually, Plaintiff-Respondent,
v
Riverdale Family Medical Practice, P.C., et al., Defendants, New York Presbyterian Hospital, et al., Defendants-Appellants.


Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Dierdre E. Tracey of counsel), for appellants.
Kahn Gordon Timko & Rodriques, P.C., New York (Nicholas I. Timko of counsel), for respondent.



Orders, Supreme Court, Bronx County (Lewis J. Lubell, J.; George J. Silver, J.), entered October 11, 2018 and April 16, 2019, which denied the motion of defendants New York Presbyterian Hospital and Mark Silberman, M.D. (collectively NYPH) for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
NYPH established prima facie entitlement to judgment as a matter of law. NYPH submitted evidence showing that it did not commit medical malpractice in the treatment of decedent when she presented at the emergency room with complaints of back pain.
In opposition, plaintiffs failed to raise a triable issue of fact by submitting a nonconclusory opinion by a qualified expert (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Plaintiffs' expert failed to profess personal knowledge of the standard of care in the field of emergency medicine, whether acquired through practice, studies or in some other manner (see Nguyen v Dorce, 125 AD3d 571, 572 [1st Dept 2015]). In any event, the expert offered only conclusory assertions and mere speculation that decedent's aortic dissection would have been successfully diagnosed and treated had NYPH referred her for a pulmonary or cardiac consult (see Rivera v Greenstein, 79 AD3d 564, 568-569 [1st Dept 2010]). Plaintiffs' expert did not refute the opinion of NYPH's expert that decedent's clinical picture supported the diagnosis [*2]of musculoskeletal pain, and decedent did not exhibit the classic symptoms of aortic dissection to warrant further investigation (see David v Hutchinson, 114 AD3d 412 [1st Dept 2014]; Zeldin v Michaelis, 105 AD3d 641 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK