■ PASQUALE DEGIORGIO, Appellant, v JOSEPH RACANELLI, M.D., et al., Respondents, et al., Defendant. [25 NYS3d 282]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Bartlett, J.), dated February 27, 2014, which granted the motion of the defendants Joseph Racanelli, West Hudson Imaging Associates, PLLC, and Radiologic Associates, P.C., and the separate motion of the defendants John McLaughlin and Orthopedic Associates of Dutchess County, for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) a judgment of the same court entered March 26, 2014, which, upon the order, is in favor of the defendants Joseph Racanelli, West Hudson Imaging Associates, PLLC, and Radiologic Associates, P.C., and against the plaintiff, dismissing the complaint insofar as asserted against them.

Ordered that the appeal from so much of the order dated February 27, 2014, as granted the motion of the defendants Joseph Racanelli, West Hudson Imaging Associates, PLLC, and Radiologic Associates, P.C., for summary judgment, dismissing the complaint insofar as asserted against them is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the motion of the defendants John McLaughlin and Orthopedic Associates of Dutchess County for summary judgment dismissing the complaint insofar as asserted against them is denied; and it is further,

Ordered that the judgment is reversed, on the law, the mo-

tion of the defendants Joseph Racanelli, West Hudson Imaging Associates, PLLC, and Radiologic Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against them is denied, the order is modified accordingly, and the complaint is reinstated against those defendants; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the respondents appearing separately and filing separate briefs.

The appeal from so much of the order as granted the motion of the defendants Joseph Racanelli, West Hudson Imaging Associates, PLLC, and Radiologic Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against them must be dismissed, because the right of direct appeal from that portion of the order terminated with the entry of judgment in the action in favor of those defendants (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff went to the emergency room of the defendant St. Luke's Cornwall Hospital on October 9, 2011, complaining of a possible broken ankle after having fallen off a ladder. The attending physician ordered a series of X rays of the plaintiff's ankle, and the plaintiff was discharged with directions to follow up with an orthopedist. The next morning, the defendant Joseph Racanelli, a board-certified diagnostic radiologist and staff member at St. Luke's Cornwall Hospital, who was associated with the defendants West Hudson Imaging Associates, PLLC (hereinafter West Hudson), and Radiological Associates, P.C., reviewed the three X rays that had been taken of the plaintiff's ankle the day before, and dictated a diagnostic report that there were "no fractures or dislocations" and "no abnormalities."

On October 12, 2011, the plaintiff saw the defendant John McLaughlin, a board-certified orthopedic surgeon, who was associated with the defendant Orthopedic Associates of Dutchess County (hereinafter Orthopedic Associates). McLaughlin conducted a physical examination of the plaintiff's ankle, and also reviewed the X rays of the plaintiff's ankle taken three days earlier and Racanelli's diagnostic report. Based on his review, McLaughlin diagnosed the plaintiff's condition as an ankle sprain, and recommended that the plaintiff wear a controlled ankle movement boot. On December 2, 2011, the plaintiff returned to see McLaughlin, who found that the plaintiff's ankle still had some "mild swelling."

On March 13, 2012, the plaintiff returned to Orthopedic Associates and saw nonparty Dr. Wen Shen. A CT scan was taken, which revealed that the plaintiff had a "comminuted chronic fracture" of the talus bone in his right ankle. The plaintiff was also diagnosed with "posttraumatic arthritis," and, in July 2012, underwent tibio-talocalcaneal fusion surgery.

The plaintiff thereafter commenced this action sounding in medical malpractice against, among others, Racanelli, West Hudson, Radiologic Associates, P.C., McLaughlin, and Orthopedic Associates. Following discovery, Racanelli, West Hudson, and Radiologic Associates, P.C. (hereinafter collectively the Racanelli defendants), moved for summary judgment dismissing the complaint insofar as asserted against each of them. In support of their motion, the Racanelli defendants submitted an affirmation of Adel Ramsey Abadir, a physician board-certified in radiology and vascular/interventional radiology, who stated that Racanelli had not departed from the radiologic standard of care in his interpretation of the X rays that were taken on October 9, 2011. Abadir further stated that any departure in failing to diagnose the fracture was not a proximate cause of the plaintiff's injuries, since the treatment would have been the same even if a fracture had been diagnosed.

McLaughlin and Orthopedic Associates (hereinafter together the McLaughlin defendants) also moved for summary judgment dismissing the complaint insofar as asserted against each of them. The McLaughlin defendants did not submit an affirmation from their own medical expert, but relied upon Abadir's affirmation. The plaintiff opposed the motions with an affirmation from his expert, Christopher J. Cassels, a board-certified orthopedic surgeon, who stated that the fracture was visible in the October 9, 2011 X rays, and that the failure of Racanelli and McLaughlin to identify it was a departure from the standard of care. Cassels further stated that "[h]ad the plaintiff's fracture been identified in a timely fashion, the [plaintiff] would have undergone urgent surgery with open reduction and internal fixation of the fractured talus" which "would have prevented or slowed the process of joint deterioration . . . and could have obviated the need for a tibio-talocalcaneal . . . fusion and led to a more favorable result."

In an order dated February 27, 2014, the Supreme Court granted the separate summary judgment motions of the Racanelli defendants and the McLaughlin defendants. A judgment was entered on March 26, 2014, in favor of the Racanelli defendants and against the plaintiff, dismissing the action insofar as asserted against them.

In a medical malpractice action, a defendant physician moving for summary judgment must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (*Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C.*, 132 AD3d 959, 960 [2015]). Once this showing has been made, a plaintiff, in opposition, need only demonstrate the existence of a triable issue of fact "as to those elements on which the defendant met the prima facie burden" (*Harris v Saint Joseph's Med. Ctr.*, 128 AD3d 1010, 1012 [2015]; *see Stukas v Streiter*, 83 AD3d 18, 30 [2011]).

Through the affirmation of their expert, Abadir, the Racanelli defendants established, prima facie, that Racanelli's interpretation of the X rays was not a departure from the radiologic standard of care. However, the Racanelli defendants failed to establish, prima facie, that the plaintiff's injuries were not proximately caused by the alleged departure (*see Petrik v Pilat*, 119 AD3d 760, 760 [2014]; *Stukas v Streiter*, 83 AD3d at 25-26), since their expert's expertise was diagnostic radiology and vascular/interventional radiology, and not treatment, and he failed to lay any foundation for the reliability of his opinion with respect to treatment. Where " 'a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered' " (*Bey v Neuman*, 100 AD3d 581, 582 [2012], quoting *Shectman v Wilson*, 68 AD3d 848, 850 [2009]; *cf. Bongiovanni v Cavagnuolo*, 138 AD3d 12 [2d Dept 2016]).

Since the Racanelli defendants made a prima facie showing only with respect to the element of departure, the plaintiff, in opposition, was required to raise a triable issue of fact only as to that element. Contrary to the Supreme Court's determination, the plaintiff raised a triable issue of fact as to the Racanelli defendants' departure with Cassels' affirmation. Specifically, Cassels affirmed that the fracture was "readily detectable" in the October 9, 2011 X rays, particularly in the lateral view image, and that Racanelli "departed from the standard of care" by failing to detect the fracture upon his interpretation of those images. Cassels' affirmation was sufficient to defeat their prima facie showing even though he was not a specialist in the field of diagnostic radiology. He laid a foundation for his opinion when he stated that part of the residency requirement for orthopedic surgeons is training in interpretation of radiology studies, which was within his expertise, and thus established his "knowledge of the relevant standards of care" (*Leavy v Merriam*, 133 AD3d 636, 638 [2015]).

The Supreme Court also erred in granting the McLaughlin defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. The McLaughlin defendants did not submit an expert affirmation in support of their motion, but relied upon the affirmation of the Racanelli defendant's medical expert, Abadir, who did not purport to be familiar with the standard of care for an orthopedic surgeon. Thus, the McLaughlin defendants failed to establish, prima facie, that McLaughlin's failure to diagnose the plaintiff's ankle fracture did not depart from the standard of care, or that any departure was not a proximate cause of the plaintiff's injury. In light of their failure to establish their prima facie entitlement to summary judgment, their motion should have been denied, regardless of the sufficiency of the plaintiff's submissions in opposition (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied the separate motions of the Racanelli defendants and the McLaughlin defendants for summary judgment dismissing the complaint insofar as asserted against each of them. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.