Smarkucki v Kleinman (2019 NY Slip Op 02919)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Smarkucki v Kleinman

2019 NY Slip Op 02919

Decided on April 17, 2019

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-01030
(Index No. 704735/14)

[*1]Bartosz Smarkucki, respondent,
vYehuda Kleinman, etc., appellant.

Connick, Myers, McNamee & Fitzgerald, PLLC, Mineola, NY (Taryn M. Fitzgerald of counsel), for appellant.
Napoli Shkolnik, PLLC, Melville, NY (Joseph L. Ciaccio of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered January 19, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleged that on January 18, 2012, he first presented to the defendant, an orthopedic surgeon, with an ankle injury. The defendant saw the plaintiff in his office a second time on January 20, 2012, when blisters were noted on the plaintiff's ankle. After the appointment on January 20, 2012, the defendant went on vacation, but left the plaintiff his cell phone number to reach him if the plaintiff's condition worsened.
The plaintiff contacted the defendant between January 20, 2012, and January 24, 2012, to describe his worsening conditions, including pain, fever, and the appearance of discolored blisters. The plaintiff also texted the defendant a photograph depicting blackening and pus on his ankle. On January 24, 2012, the plaintiff presented to the emergency room. He was admitted to the intensive care unit and required emergency surgery on his ankle. The plaintiff was diagnosed with cellulitis and compartment syndrome.
The plaintiff commenced this action against the defendant, inter alia, to recover damages for medical malpractice. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
"A defendant physician moving for summary judgment in a medical malpractice action has the initial burden of establishing, prima facie, either the absence of any departure from good and accepted medical practice or that any departure was not the proximate cause of the alleged injuries" (Brady v Westchester County Healthcare Corp., 78 AD3d 1097, 1098; see DeGiorgio v Racanelli, 136 AD3d 734, 737). "The prima facie burden is met only where the defendant addresses and rebuts any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Bongiovanni v Cavagnuolo, 138 AD3d 12, 16). "In determining a motion for summary judgment, [*2]the court must view the evidence in the light most favorable to the nonmoving party" (Stukas v Streiter, 83 AD3d 18, 22), and "the plaintiff need only raise a triable issue of fact regarding the element or elements on which the defendant has made its prima facie showing" (Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796 [internal quotation marks omitted]; see Neyman v Doshi Diagnostic Imaging Services, P.C., 153 AD3d 538, 543).
Here, the defendant failed to establish his prima facie entitlement to judgment as a matter of law. The affidavit of the defendant's expert was insufficient to prove the absence of any departure from good and accepted medical practice. The affidavit failed to eliminate all triable issues of fact as to whether the defendant timely and appropriately referred the plaintiff to the hospital when his symptoms worsened, and whether this alleged departure from good and accepted medical practice was a proximate cause of the plaintiff's injuries.
"The defendant's failure to satisfy the prima facie burden requires the denial of the motion regardless of the sufficiency of the opposition papers" (Bongiovanni v Cavagnuolo, 138 AD3d at 17; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, the defendant's remaining contentions have been rendered academic.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court