Keane v Dayani (2019 NY Slip Op 08834)





Keane v Dayani


2019 NY Slip Op 08834


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-06964
 (Index No. 70650/14)

[*1]Catherine Keane, et al., respondents, 
v
Negar Dayani, et al., appellants.


Furey, Furey, Leverage, Manzione, Williams & Darlington, P.C., Hempstead, NY (Susan Weihs Darlington of counsel), for appellants.
Law Office of Larry Rosenfeld P.C., Babylon, NY, for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated May 2, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On May 27, 2014, the plaintiff Catherine Keane (hereinafter the injured plaintiff) went to the defendant Zwanger Pesiri Radiology Group, LLC (hereinafter Zwanger), to have an X ray taken of her swollen right ankle and heel. The defendant Negar Dayani, a board-certified diagnostic radiologist employed by Zwanger, reviewed the X ray and found, among other things, "diffuse soft tissue swelling about the ankle joint and in the distal lower extremity," but "no acute fracture or dislocation." When the swelling failed to subside, the injured plaintiff returned to Zwanger on July 31, 2014, for a second X ray of her right ankle. According to the diagnostic report, that X ray revealed "nonacute fractures of the medial and lateral malleolus" and "[w]idening of the ankle mortise." It was noted that "[t]hese findings are new since the prior radiographs of May 2014."
On August 5, 2014, the injured plaintiff underwent a CT scan, which, consistent with the X ray taken on July 31, 2014, revealed "nonacute fractures of the medial and lateral malleoli," as well as a "[n]ondisplaced fracture of the lateral aspect of the distal tibia." A few days later, the injured plaintiff underwent surgery on her right ankle. On December 26, 2014, the injured plaintiff underwent a revision surgery that involved fusion of the right ankle.
The injured plaintiff, and her husband suing derivatively, subsequently commenced this action against the defendants to recover damages for medical malpractice. The plaintiffs alleged in their amended complaint and bills of particulars, inter alia, that Dayani failed to "properly diagnose/interpret" the X ray that was taken of the injured plaintiff's right ankle on May 27, 2014, that Dayani was negligent in failing to recommend further radiological studies, and that Dayani's departure in failing "to diagnose that [the injured] plaintiff suffered from a fractured ankle" was a proximate cause of her injuries. Following discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal.
A defendant seeking summary judgment in a medical malpractice action must make [*2]a prima facie showing either that he or she did not depart from the accepted standard of care or that any alleged departure was not a proximate cause of the plaintiff's injuries (see B.G. v Cabbad, 172 AD3d 686, 687; Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235). Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden (see Stukas v Streiter, 83 AD3d 18, 24). " Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Lampe v Neurological Surgery, P.C., 173 AD3d 996, 998, quoting Feinberg v Feit, 23 AD3d 517, 519).
Here, the affirmation of the defendants' expert, Evan H. Dillon, a physician board certified in diagnostic radiology, established, prima facie, that Dayani's interpretation of the X ray that was taken on May 27, 2014, was not a departure from the radiologic standard of care (see Donnelly v Parikh, 150 AD3d 820, 824; DeGiorgio v Racanelli, 136 AD3d 734, 737). Dillon stated, based on his review of that X ray, that "[t]here is absolutely no evidence whatsoever, on any view of the right ankle, of any fracture or dislocation, or any suggestion of any acute injury or process" and, therefore, Dayani had no reason to order additional radiological studies. Dillon opined, with a reasonable degree of medical certainty, that "the fractures seen on the July 31, 2014 x-rays of the right ankle and the August 5, 2014 CT [scan] of the right ankle occurred at some point after the x-ray studies of the plaintiff's right heel and ankle on May 27, 2014."
Since the defendants made a prima facie showing only with respect to the element of departure, the plaintiffs, in opposition, were required to raise a triable issue of fact only as to that element. The affirmation of the plaintiffs' expert, Jordan Haber, a board-certified diagnostic radiologist, raised a triable issue of fact as to whether Dayani departed from the standard of care. Although Haber agreed that the fractures seen on the July 31, 2014, X ray and the August 5, 2014, CT scan occurred after the May 27, 2014, X ray was taken of the injured plaintiff's right ankle and heel, he averred that a "1.9 cm fracture through the lateral aspect of the dome of the talus" was detectable in the May 27, 2014, X ray, and that Dayani's failure to identify that fracture was a departure from the standard of care. Contrary to the defendants' contention, the plaintiffs did not impermissibly raise a new theory of liability for the first time in opposition to the motion (see Refuse v Wehbeh, 167 AD3d 956, 959; Smith v Agnant, 131 AD3d 463, 466; Contreras v Adeyemi, 102 AD3d 720, 722).
We agree with the defendants that Haber, who did not indicate in his affirmation that he had any training in the field of orthopedics, was not qualified to raise a triable issue of fact as to whether Dayani's departure proximately caused "the injuries . . . which occurred after the x-ray studies on May 27th, 2014" (see Simpson v Edghill, 169 AD3d 737, 738-739; Galluccio v Grossman, 161 AD3d 1049, 1052). Nevertheless, since the defendants did not establish, prima facie, that the injured plaintiff's injuries were not proximately caused by the alleged departure, the plaintiffs were not required to raise a triable issue of fact as to that element (see DeGiorgio v Racanelli, 136 AD3d at 737).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court