Laughtman v Long Is. Jewish Val. Stream (2021 NY Slip Op 01251)





Laughtman v Long Is. Jewish Val. Stream


2021 NY Slip Op 01251


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-05991
 (Index No. 606154/17)

[*1]Elaine Laughtman, respondent, 
v
Long Island Jewish Valley Stream, etc., appellant.


Gordon & Silber, P.C., New York, NY (Michael A. Bayron and Andrew B. Kaufman of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered March 6, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice is granted.
In June 2017, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice against the defendant hospital. Specifically, the plaintiff alleged that, in October 2016, the defendant's employees were negligent in failing to adequately monitor and treat her after she was admitted there due to a stroke and that their failure to timely administer Tissue Plasminogen Activator (hereinafter TPA) to her caused her injury resulting in paralysis on her left side.
Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint, and the plaintiff opposed the motion. As is relevant to this appeal, in an order entered March 6, 2019, the Supreme Court denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice. The defendant appeals. We reverse the order insofar as appealed.
The Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging medical malpractice. To prevail on a motion for summary judgment dismissing a medical malpractice cause of action, a defendant must make a prima facie showing either that there was no departure from accepted community standards of medical practice, or that any departure was not a proximate cause of the plaintiff's injuries (see Schwartz v Partridge, 179 AD3d 963, 964; DiLorenzo v Zaso, 148 AD3d 1111, 1112). When a defendant demonstrates the absence of any material issues of fact regarding a medical malpractice cause of action with respect to at least one of those elements, summary judgment dismissing that cause of action should eventuate unless the plaintiff raises a triable issue of fact in opposition (see Schwartz v Partridge, 179 AD3d at 964; DiLorenzo v Zaso, 148 AD3d at 1112).
Where a physician opines outside his or her area of specialization, a foundation must [*2]be laid tending to support the reliability of the opinion rendered (see Korszun v Winthrop Univ. Hosp., 172 AD3d 1343, 1345; DiLorenzo v Zaso, 148 AD3d at 1112). Where no such foundation is laid, the expert's opinion is of no probative value, and is therefore insufficient to meet a party's burden on a summary judgment motion (see DiLorenzo v Zaso, 148 AD3d at 1112; Behar v Coren, 21 AD3d 1045, 1047).
Here, the defendant established its prima facie entitlement to judgment as a matter of law through, inter alia, the detailed affirmation of its expert neurologist. The defendant's expert opined, based upon his knowledge and training as well as his review of the plaintiff's medical records and the relevant deposition testimony, that the evaluation, care, and treatment rendered to the plaintiff by the defendant were in accordance with the accepted standards of care, that TPA was not indicated and would not have prevented the progression of the plaintiff's evolving stroke or eventual left-sided paralysis, and that there were no departures in the standards of care rendered by the defendant that caused or contributed to the plaintiff's injuries (see Choida v Schirripa, 188 AD3d 978, 980; Boltyansky v New York Community Hosp., 175 AD3d 1478, 1478).
In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert, a physician with training in emergency medicine, lacked probative value as it failed to specify that the expert had any specific training or expertise in neurology or in the diagnosis and treatment of strokes, or how she became familiar with the applicable standards of care (see Korszun v Winthrop Univ. Hosp., 172 AD3d at 1345; DiLorenzo v Zaso, 148 AD3d at 1112). Moreover, the plaintiff's expert failed to rebut the opinions of the defendant's expert or articulate how the defendant's alleged deviations from the accepted standard of care were a proximate cause of the plaintiff's injuries (see Messeroux v Maimonides Med. Ctr., 181 AD3d 583, 585; Boltyansky v New York Community Hosp., 175 AD3d at 1478).
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court