Pettway v Vorobyeva (2022 NY Slip Op 01190)





Pettway v Vorobyeva


2022 NY Slip Op 01190


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2019-05207
 (Index No. 850/15)

[*1]Debora Pettway, appellant,
v
Larissa Vorobyeva, etc., respondent.


Krentsel & Guzman, LLP, New York, NY (Marcia K. Raicus of counsel), for appellant.
Silverson, Pareres & Lombardi, LLP, White Plains, NY (Rachel H. Poritz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated April 5, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for medical malpractice after she allegedly suffered a second degree burn, caused by an electrocautery device, while undergoing a myomectomy to remove uterine fibroids. The defendant was a physician who assisted the primary surgeon during the procedure. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. By order dated April 5, 2019, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Hayden v Gordon, 91 AD3d 819, 820 [internal quotation marks omitted]; see Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1010). "On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Hayden v Gordon, 91 AD3d at 820-821; see Jacob v Franklin Hosp. Med. Ctr., 188 AD3d 838, 840, affd 36 NY3d 1102).
Where a defendant makes a prima facie showing, "the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact" as to the elements on which the defendant met the prima facie burden (Donnelly v Parikh, 150 AD3d 820, 822 [internal quotation marks omitted]; see Mann v Okere, 195 AD3d 910, 911). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84; see J.P. v Patel, 195 AD3d 852, 854). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]).
Moreover, "[w]here a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (Pinnock v Mercy Med. Ctr., 180 AD3d 1088, 1090-1091 [internal quotation marks omitted]; see DiLorenzo v Zaso, 148 AD3d 1111, 1113). "Where no such foundation is laid, the expert's opinion is of no probative value, and is therefore insufficient to meet a party's burden on a summary judgment motion" (Laughtman v Long Is. Jewish Val. Stream, 192 AD3d 677, 678; see DiLorenzo v Zaso, 148 AD3d at 1113).
Here, the defendant established her prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting the expert affirmation of a board-certified obstetrician and gynecologist, who opined, based upon her review of the medical records, the deposition testimony, and the pleadings, that the defendant did not depart from accepted medical practice and that, in any event, she did not cause or contribute to the plaintiff's injury (see Assunta v Rubin, 189 AD3d 1321, 1323; Roye v Gelberg, 172 AD3d 1260, 1262).
In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert, a neurologist and psychiatrist, lacked probative value as it failed to specify that the expert had any specific training or expertise in gynecology or surgery, or how he became familiar with the applicable standards of care (see Laughtman v Long Is. Jewish Val. Stream, 192 AD3d at 678; Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d 1077, 1080). Moreover, the affirmation of the plaintiff's expert was conclusory and speculative, and failed to address the specific assertions of the defendant's expert (see Scopelliti v Westmed Med. Group, 193 AD3d at 1011; Gilmore v Mihail, 174 AD3d 686, 688).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court