Corujo v Caputo (2024 NY Slip Op 00756)

Corujo v Caputo

2024 NY Slip Op 00756

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2019-09971
 (Index No. 501022/13)

[*1]Maria Corujo, appellant, 
v
John Caputo, etc., et al., defendants, Michael Ameres, etc., et al., respondents.

Stevens & Traub, PLLC, New York, NY (Peter P. Traub of counsel), for appellant.
Wagner, Doman, Leto & DiLeo, P.C., New York, NY (Daniel F. Doman and Judith Pilatsky of counsel), for respondents.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bernard J. Graham, J.), entered August 13, 2019. The judgment, upon an order of the same court dated May 9, 2019, inter alia, upon reargument, adhering to a determination in an order of the same court dated December 7, 2018, granting the motion of the defendants Michael Ameres and 24/7 Emergency Care, P.C., for summary judgment dismissing the amended complaint insofar as asserted against them, is in favor of the defendants Michael Ameres and 24/7 Emergency Care, P.C., and against the plaintiff dismissing the amended complaint insofar as asserted against those defendants.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced an action, which was subsequently consolidated with another action, against, among others, the defendants Michael Ameres and 24/7 Emergency Care, P.C. (hereinafter Emergency Care and, together with Ameres, the defendants), to recover damages for medical malpractice in connection with treatment rendered by the defendants to address a compound fracture of the plaintiff's left wrist. The plaintiff alleged that Ameres was employed by Emergency Care and was the emergency medicine physician who saw and attended to her upon her admittance to the emergency room.
After the completion of discovery, the defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them. In an order dated December 7, 2018 (hereinafter the December 2018 order), the Supreme Court, inter alia, granted the defendants' motion. In an order dated May 9, 2019 (hereinafter the May 2019 order), the court, among other things, granted that branch of the plaintiff's motion which was for leave to reargue her opposition to the defendants' motion and, upon reargument, adhered to the determination in the December 2018 order granting the defendants' motion. A judgment was entered on August 13, 2019, upon the May 2019 order, dismissing the amended complaint insofar as asserted against the defendants. The plaintiff appeals.
"On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any [*2]departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Hayden v Gordon, 91 AD3d 819, 820-821; see Pettway v Vorobyeva, 202 AD3d 1116). "Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden" (Gillespie v New York Hosp. Queens, 96 AD3d 901, 902 [citation omitted]; see Donnelly v Parikh, 150 AD3d 820, 822). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84; see Pinnock v Mercy Med. Ctr., 180 AD3d 1088, 1090). Moreover, "[w]here a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (DeGiorgio v Racanelli, 136 AD3d 734, 737 [internal quotation marks omitted]; see Pinnock v Mercy Med. Ctr., 180 AD3d at 1090-1091). "Where no such foundation is laid, the expert's opinion is of no probative value, and is therefore insufficient to meet a party's burden on a summary judgment motion" (Laughtman v Long Is. Jewish Val. Stream, 192 AD3d 677, 678; see Pettway v Vorobyeva, 202 AD3d at 1117).
"The existence and scope of a physician's duty of care is a question of law to be determined by the court" (Cooper v City of New York, 200 AD3d 849, 851). "[T]he question of whether a physician owes a duty to the plaintiff is a question for the court, and is not an appropriate subject for expert opinion" (Donnelly v Parikh, 150 AD3d at 822 [internal quotation marks omitted]; see Burns v Goyal, 145 AD3d 952, 954).
Initially, the defendants failed to establish, prima facie, that Ameres's duty of care as an emergency room physician did not extend to the departures alleged by the plaintiff. The opinion of the defendants' expert on this particular issue involved a question for the court and was "not an appropriate subject for expert opinion" (Donnelly v Parikh, 150 AD3d at 822; see McCarthy v Ashikari, 206 AD3d 718, 720).
Nevertheless, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them through the submission of an affirmation from their expert, a board-certified emergency room physician. The expert opined, based upon his review of the medical records, the deposition testimony, and the pleadings, that Ameres did not depart from accepted medical practice and that, in any event, he did not cause or contribute to the plaintiff's injuries (see Pettway v Vorobyeva, 202 AD3d at 1117; Assunta v Rubin, 189 AD3d 1321, 1323).
In opposition, the plaintiff failed to raise a triable issue of fact. The affirmations of the plaintiff's experts, a board-certified orthopedic surgeon and a board-certified internal medicine doctor with a subcertification in infectious diseases, lacked probative value, as they failed to specify that the experts had any specific training or expertise in emergency medicine, or how they became familiar with the applicable standards of care (see Pettway v Vorobyeva, 202 AD3d at 1117; Laughtman v Long Is. Jewish Val. Stream, 192 AD3d at 678; Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d 1077, 1080). In any event, the affirmations of the plaintiff's experts were conclusory and speculative with respect to the treatment rendered by Ameres and failed to address the specific assertions of the defendants' expert (see Pettway v Vorobyeva, 202 AD3d at 1117; Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1011).
Accordingly, upon reargument, the Supreme Court properly adhered to the determination in the December 2018 order granting the defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court