Rico v New York Methodist Hosp. (2025 NY Slip Op 05270)

Rico v New York Methodist Hosp.

2025 NY Slip Op 05270

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-11185
 (Index No. 507426/14)

[*1]Gloria Rico, etc., appellant, 
v
New York Methodist Hospital, et al., respondents.

J. Kaplan & Associates, PLLC, New York, NY (Joseph D. DePalma of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Garden City, NY (Jacqueline Mandell and Lisa Fleischmann of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated July 24, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, as parent and natural guardian of her child (hereinafter the infant), and individually, commenced this action, inter alia, to recover damages for medical malpractice against the defendants. The plaintiff alleged, among other things, that, upon the infant's presentment to the defendant New York Methodist Hospital on December 17, 2013, the defendants failed to properly diagnose the infant and treat him for acute compartment syndrome in his right leg, resulting in further injury to him. The defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. In an order dated July 24, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Kunwar v Northwell Health, 229 AD3d 528, 532, quoting Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716). "In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Williams v Levine, 238 AD3d 960, 961 [internal quotation marks omitted]; see Attia v Klebanov, 192 AD3d 650, 651).
"Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526; see Donnelly v Parikh, 150 AD3d 820, 822). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant provider's summary judgment motion" (Paxton v Sosnowski, 238 [*2]AD3d 779, 782 [internal quotation marks omitted]; see Weintroub v Maimonides Med. Ctr., 222 AD3d 915, 916). "'In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (Wijesinghe v Buena Vida Corp., 210 AD3d 824, 825, quoting Tsitrin v New York Community Hosp., 154 AD3d 994, 996).
"Moreover, '[w]here a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered'" (Pinnock v Mercy Med. Ctr., 180 AD3d 1088, 1090-1091, quoting DeGiorgio v Racanelli, 136 AD3d 734, 737). "'Where no such foundation is laid, the expert's opinion is of no probative value, and is therefore insufficient to meet a party's burden on a summary judgment motion'" (Pettway v Vorobyeva, 202 AD3d 1116, 1117, quoting Laughtman v Long Is. Jewish Val. Stream, 192 AD3d 677, 678).
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint through the submission of an affirmation of their expert, a board-certified emergency room physician. The expert opined, based upon his review of the medical records, the deposition testimony, and the pleadings, that the defendants did not depart from accepted medical practice and did not cause or contribute to the infant's injuries (see Corujo v Caputo, 224 AD3d 729, 732; Pettway v Vorobyeva, 202 AD3d at 1117).
In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert, a board-certified vascular surgeon, lacked probative value, as it failed to specify that the expert had any specific training or expertise in emergency medicine or how he became familiar with the applicable standards of care rendered by emergency medical staff regarding the diagnosis of compartment syndrome (see Corujo v Caputo, 224 AD3d at 732; Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d 1077, 1080). The affirmation of the plaintiff's expert was conclusory and speculative with respect to the diagnosis and treatment rendered by the defendants in the emergency room and failed to address the specific assertions of the defendants' expert as to the standard of care for emergency department physicians (see Avgi v Policha, 232 AD3d 838, 840; Valentine v Weber, 203 AD3d 992, 993).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court