Graham-Guerrier v Tercel (2026 NY Slip Op 00350)

Graham-Guerrier v Tercel

2026 NY Slip Op 00350

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-04039
2024-04043
 (Index No. 714535/18)

[*1]Judith Graham-Guerrier, etc., appellant, 
vJames Demain Tercel, et al., defendants, Jamaica Hospital Medical Center, et al., respondents.

Victor A. Carr, Mineola, NY, for appellant.
Martin Clearwater & Bell LLP, White Plains, NY (Richard Wolf, Barbara D. Goldberg, and Jaqueline D. Berger of counsel), for respondents Jamaica Hospital Medical Center and Katherine McKenzie.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Jacob L. Bentley and Deirdre E. Tracey of counsel), for respondent Marco Bertucci Zoccali.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered March 15, 2024, and (2) an order of the same court entered March 21, 2024. The order entered March 15, 2024, granted the motion of the defendants Jamaica Hospital Medical Center and Katherine McKenzie for summary judgment dismissing the amended complaint insofar as asserted against them. The order entered March 21, 2024, granted the motion of the defendant Marco Bertucci Zoccali for summary judgment dismissing the amended complaint insofar as asserted against him.
ORDERED that the orders are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On September 29, 2016, Paulette Guerrier (hereinafter the decedent) was struck by a car and transported to the defendant Jamaica Hospital Medical Center (hereinafter JHMC), where she was treated by the defendants Katherine McKenzie and Marco Bertucci Zoccali. The next day, the decedent experienced sudden cardiac arrest and died due to a bilateral pulmonary thromboemboli.
In September 2018, the plaintiff, who was the administrator of the decedent's estate, commenced this action against, among others, JHMC, McKenzie, and Zoccali (hereinafter collectively the defendants), inter alia, to recover damages for medical malpractice and wrongful death. In November 2023, JHMC and McKenzie moved for summary judgment dismissing the amended complaint insofar as asserted against them, and Zoccali thereafter moved for summary judgment dismissing the amended complaint insofar as asserted against him. In an order entered March 15, 2024, the Supreme Court granted the motion of JHMC and McKenzie, and in an order [*2]entered March 21, 2024, the court granted Zoccali's motion. The plaintiff appeals from both orders.
"'Medical malpractice actions require proof that the defendant physician deviated or departed from the accepted community standards of practice, and that such deviation . . . was a proximate cause of the plaintiff's injuries'" (Montanari v Lorber, 200 AD3d 676, 678, quoting Dixon v Chang, 163 AD3d 525, 526). "'On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries'" (Connolly v Sanders, 239 AD3d 594, 595, quoting Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 859-860; see Gaston v New York City Health & Hosps. Corp., 207 AD3d 705, 706). "'If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof'" (Connolly v Sanders, 239 AD3d at 595, quoting Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d at 860; see Corujo v Caputo, 224 AD3d 729, 730).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against each of them by submitting the decedent's medical records and affirmations of experts, each of whom was board certified in surgery and surgical critical care, and had extensive experience in emergency medicine. The defendants' experts each opined that the care and treatment the defendants rendered to the decedent did not deviate from the accepted standards of medical care and that such treatment did not proximately cause the decedent's death (see Hiltz v DiLorenzo, 206 AD3d 631, 633; Pettway v Vorobyeva, 202 AD3d 1116, 1117).
In opposition, the plaintiff failed to raise a triable issue of fact. "'[A] medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field'" (Montanari v Lorber, 200 AD3d at 678-679, quoting DiLorenzo v Zaso, 148 AD3d 1111, 1112; see M.C. v Huntington Hosp., 175 AD3d 578, 580). "However, the witness must be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (Montanari v Lorber, 200 AD3d at 679 [internal quotation marks omitted]; see DiLorenzo v Zaso, 148 AD3d at 1112-1113). Thus, "'[w]here a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered'" (Corujo v Caputo, 224 AD3d at 731, quoting DeGiorgio v Racanelli, 136 AD3d 734, 737; see Quinones v Winthrop Univ. Hosp., 230 AD3d 1170, 1172). "'Where no such foundation is laid, the expert's opinion is of no probative value, and is therefore insufficient to meet a party's burden on a summary judgment motion'" (Corujo v Caputo, 224 AD3d at 731, quoting Laughtman v Long Is. Jewish Val. Stream, 192 AD3d 677, 678).
Here, the plaintiff's expert was board certified in family medicine and was a director of quality control for family medicine, but the plaintiff's expert failed to lay a foundation for her qualifications as an expert in emergency medicine, orthopedic surgery, trauma surgery, or critical care and, thus, failed to raise a triable issue of fact (see Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672, 677; Galluccio v Grossman, 161 AD3d 1049, 1052). In any event, the affirmation of the plaintiff's expert was conclusory, speculative, and unsupported by the evidence (see Quinones v Winthrop Univ. Hosp., 230 AD3d at 1172; Corujo v Caputo, 224 AD3d at 732).
Accordingly, the Supreme Court properly granted the separate motions of the defendants for summary judgment dismissing the amended complaint insofar as asserted against each of them.
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court