Ashraf v Palm Gardens Dialysis Ctr., LLC

2026 NY Slip Op 03135

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Saima Ashraf, etc., appellant,

v

Palm Gardens Dialysis Center, LLC, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2022-10475, (Index No. 520462/19)

Valerie Brathwaite Nelson, J.P.

Helen Voutsinas

Janice A. Taylor

Donna-Marie E. Golia, JJ.

Karasik Law Group, P.C., Brooklyn, NY (Alexander Karasik of counsel), for appellant.

Sheeley LLP, New York, NY (David Henry Sculnick and Jon D. Lichtenstein of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated November 18, 2022. The order granted the motion of the defendant Palm Gardens Dialysis Center, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

ORDERED that the order is affirmed, with costs.

In August 2018, the decedent allegedly fell while receiving outpatient dialysis care at the facility of the defendant Palm Gardens Dialysis Center, LLC (hereinafter the defendant). The decedent was taken to a hospital, wherein a CT scan of his head was performed, and he was discharged the same day. The decedent attended further dialysis treatments at the defendant's facility without any noted concerns until September 13, 2018, when the decedent showed signs of confusion during his appointment. The decedent later presented to the hospital, where he underwent another CT scan which revealed that he had a subdural hematoma. The decedent remained admitted to the hospital until he passed away on September 27, 2018.

In September 2019, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death. In March 2022, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the motion. In an order dated November 18, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.

"To prevail on a motion for summary judgment in a medical malpractice action, the defendant has the initial burden of establishing either that there was no departure from accepted community standards of practice or that any alleged departure was not a proximate cause of the plaintiff's injuries" (Kielb v Bascara, 217 AD3d 756, 756). Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. The evidence submitted in support of its motion demonstrated that it did not proximately cause the plaintiff's injuries (see Quinones v Winthrop Univ. Hosp., 230 AD3d 1170, 1172).

In opposition to the defendant's motion, the plaintiff submitted an expert report by a radiologist. Contrary to the determination of the Supreme Court, the expert report was in admissible form (see CPLR 2106; Pepino v Dooley, 239 AD3d 1008, 1010; Stucchio v Bikvan, 155 [*2]AD3d 666, 668). Nevertheless, the plaintiff's expert report was insufficient to raise a triable issue of fact. "'While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field . . . the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable'" (Deitch v Sands Point Center for Health & Rehabilitation, 237 AD3d 1043, 1045, quoting Abruzzi v Maller, 221 AD3d 753, 756). "'[W]here a physician opines outside of his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered'" (Pinnock v Mercy Medical Center, 180 AD3d 1088, 1090-1091, quoting DeGiorgio v Racanelli, 136 AD3d 734, 737). Here, the report of the plaintiff's expert, a radiologist, lacked probative value as it failed to establish that he had the skill, training, education, knowledge, or experience in the field of neuroradiology sufficient to provide a foundation to opine with regard to the decedent's August 2018 CT scan (see Abruzzi v Maller, 221 AD3d at 756; Pettway v Vorobyeva, 202 AD3d 1116, 1117).

Furthermore, "[i]n order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]; see Spellman v Ginzburg, 241 AD3d 588, 589). Here, the report of the plaintiff's expert was conclusory and failed to address the specific assertions of the defendant's expert (see Hannen v Nici, 230 AD3d 1118, 1119; Corujo v Caputo, 224 AD3d 729, 731-732).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.

The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.

BRATHWAITE NELSON, J.P., VOUTSINAS, TAYLOR and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court