Estate of Annie Maliniak v New York Methodist Hosp.
2026 NY Slip Op 03424
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Estate of Annie Maliniak, etc., appellant,
v
New York Methodist Hospital, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2022-02930, (Index No. 501980/16)
Valerie Brathwaite Nelson, J.P.
William G. Ford
Janice A. Taylor
James P. McCormack, JJ.

William Pager, Brooklyn, NY, for appellant.
Kaufman Borgeest & Ryan LLP, Garden City, NY (Lisa Fleischmann and Jacob B. Sher of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated April 8, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, as the administrator of the estate of her mother, Annie Maliniak (hereinafter the decedent), commenced this action, inter alia, to recover damages for medical malpractice against the defendant. The plaintiff alleged, among other things, that the defendant failed to recognize and treat bed sores and ulcers that the 90-year-old decedent developed and which worsened while in the defendant's care. The defendant moved for summary judgment dismissing the complaint. In an order dated April 8, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court properly found that the defendant's motion was timely, in light of the filing extension granted to the defendant based upon its counsel's communication to the court regarding the unexpected onset of a serious medical condition (see Bik-Lung Lee v Nassau Health Care Corp., 162 AD3d 628, 630).
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Kunwar v Northwell Health, 229 AD3d 528, 532 [internal quotations omitted]). "'In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff'" (Rico v New York Methodist Hosp., 242 AD3d 787, 788, quoting Williams v Levine, 238 AD3d 960, 961).
"Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish [*2]the essential elements of medical malpractice, are insufficient to defeat a defendant provider's summary judgment motion" (Paxton v Sosnowski, 238 AD3d 779, 782 [internal quotation marks omitted]). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Wijesinghe v Buena Vida Corp., 210 AD3d 824, 825 [internal quotations omitted]).
Additionally, "[w]hile a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field, the expert should be possessed of the requisite skill, training, education, knowledge, or experience from which it can be assumed that the opinion rendered is reliable" (Cerrone v North Shore-Long Is. Jewish Health Sys., Inc., 197 AD3d 449, 451). "Thus, where a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (Abruzzi v Maller, 221 AD3d 753, 756). "Where no such foundation is laid, the expert's opinion is of no probative value, and is therefore insufficient to meet a party's burden on a summary judgment motion" (Laughtman v Long Is. Jewish Val. Stream, 192 AD3d 677, 678).
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice through the submission of an affirmation of its expert, a board certified internal and geriatric care physician. The expert opined, based upon her review of the medical records, the deposition testimony, and the pleadings, that the defendant did not depart from accepted medical practice and did not cause or contribute to the decedent's injuries (see Rico v New York Methodist Hosp., 242 AD3d 787; Corujo v Caputo, 224 AD3d 729, 732).
In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert, a registered nurse who was board certified in integrative medicine and humanitarian services, lacked probative value, as it failed to specify that the expert had any specific training or expertise in geriatric medicine or how he became familiar with the applicable standards of care rendered by hospital staff regarding the diagnosis, treatment, and management of ulcerative bed sores in geriatric bed-bound patients like the decedent (see Rico v New York Methodist Hosp., 242 AD3d 787; Corujo v Caputo, 224 AD3d at 732). In addition, the affirmation of the plaintiff's expert was conclusory and speculative with respect to the treatment rendered by the defendant during the decedent's hospital admission and failed to address the specific assertions of the defendant's expert as to the standard of care for, and the inevitability of, the pressure ulcers the decedent developed during her hospitalization (see Rico v New York Methodist Hosp., 242 AD3d 787; Avgi v Policha, 232 AD3d 838, 840).
As there are no triable issues of facts as to whether the defendant departed from acceptable medical practice, or caused or contributed to the decedent's injuries, the Supreme Court also properly directed dismissal of the remaining causes of action.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court